UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ALLISWELL CORPORATION, a Bahamian Corporation | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.  4:25-cv-00170-SEB-KMB |
| ARKHAUS, INC., a Delaware corporation, SAM PAYROVI, and ARK VESSELS, LLC | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT FOR *FORUM NON CONVENIENS*
AND/OR JUDICIAL COMITY**

Come now the defendants, ARKHAUS, INC. ("Arkhaus"), SAM PAYROVI, ("Payrovi"), and ARK VESSELS, LLC. ("Ark Vessels" and sometimes collectively with Arkhaus and Payrovi, the "Defendants"), by counsel, and in support of their motion to dismiss plaintiff's Amended Complaint ("Complaint") state as follows:

**A. INTRODUCTION**

Plaintiff ALLISWELL CORPORATION ("Alliswell") filed its Complaint on October 30, 2025, attaching two (2) exhibits, both of which provide for the exclusive jurisdiction of the Florida Court holding the ABC Proceedings ("Florida ABC Court").[1] In particular, the Florida ABC Court reserved jurisdiction in the Sale Order to hear any and all claims arising from the ABC Proceedings. *See*, Complaint Exhibit "A", ¶ 22. Further, the Amended Joint Bid Agreement governing the relationship of

---

[1]All Capitalized terms, unless defined herein, shall have the same meaning as in the Complaint.

the parties provides "any dispute or legal proceeding arising out of or relating to this Agreement ***shall*** be brought ***exclusively*** in the [Florida ABC Court] with jurisdiction to enforce the Sale Order". *See,* Complaint Exhibit "B" p.4 (emphasis added). Accordingly, the Court should dismiss Alliswell's Complaint for forum non conveniens. Alternatively, the Court should dismiss the Complaint in deference to the Florida ABC Court under principles of judicial comity.[2]

## B. BACKGROUND

In March of 2025, Arkup Sales, LLC and Arkup, LLC (collectively the "Arkup Entities") commenced an Assignment for the Benefit of Creditors proceedings in the Florida ABC Court under Cause Number 2025-004082-CA-01 ("ABC Proceedings"). *See*, e.g. Complaint Exhibit "A". The assignee of the Arkup Entities in the ABC Proceedings then solicited bids for the purchase of the Arkup Entities' assets and Arkhaus and Alliswell entered into the Amended Joint Bid Agreement. *See*, e.g. Complaint Exhibits "A" p. 2-3 and Exhibit "B". The Amended Joint Bid Agreement provided Arkhaus would purchase certain assets of the Arkup Entities out of the ABC Proceedings, and Arkhaus did purchase the assets out of the ABC Proceedings as shown in the Sale Order. *See*, e.g. Complaint Exhibits "A" and "B".

## C. FORUM NON CONVENIENS

"For a forum selection clause to be effective, the language delineating the choice of forum must be 'mandatory rather than permissive'." *DeJohn v. TV Corp. Int'l*, 245 F.Supp.2d 913, 921 (N.D. Ill. 2003)(quoting *Jockey Int'l, Inc. v. M/V "Leverkusen Express"*, 217 F.Supp.2d 447, 451 (S.D. NY.

---

[2]This Motion is not made under Fed. R. Civ. P. 12(B)(2) as meeting the evidentiary standard of such motion is unnecessary given the controlling language of the Amended Joint Bid Agreement and Sale Order attached to plaintiff's Complaint. That said, Defendants do not concede personal jurisdiction and should the Court decline to dismiss the Amended Complaint pursuant to this Motion, Defendants reserve their right to submit evidence establishing their lack of minimum contacts to Indiana. Notably, the allegations in paragraphs 2-5 of the Amended Complaint fail to show any such connection.

2002)). "Mandatory forum selection clauses are presumptively valid and must be enforced unless it is 'unreasonable under the circumstances'." *DeJohn*, 145 F.Supp.2d at 921 (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). The party seeking to avoid a forum selection clause bears a "heavy burden of proof" which can generally be overcome only by a showing that: (1) their incorporation into the contract was the result of "fraud, undue influence or overweening bargaining power"; and (2) the designated forum is so "gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *The Bremen,* 407 U.S. 1 at 12-13, 17-18. Absent such a showing, "there is no basis for concluding that it would be unfair, unjust, or unreasonable" to enforce the forum selection clause. *Id.* at 18.

In this case, it is undisputed the language of the Amended Joint Bid Agreement is mandatory and provides *exclusive* jurisdiction to the Florida ABC Court. Section 9(e) of the Amended Joint Bid Agreement provides, "[t]he parties agree that any dispute or legal proceeding arising out of or relating to this Agreement ***shall*** be brought ***exclusively*** in the [Florida ABC Court] with jurisdiction to enforce the Sale Order." (emphasis added). Alliswell is a party to the ABC Proceedings[3] and therefore obviously cannot show that bringing its claims against Defendants in the Florida ABC Court would be so "gravely difficult and inconvenient" that Alliswell would be "deprived of its day in court." *Id.* at 12-13, 17-18.

Although a typical *forum non conveniens* analysis may include balancing-of-interests, when the forum selection clause is in a freely negotiated contract the private factors normally considered "weigh entirely in favor of the preselected forum". *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49, 64 (2013). Accordingly, "[a] district court may consider

---

[3]Alliswell attempts to utilize Ark Yachts, LLC not being a registered entity with the Indiana Secretary of State as justification for naming Payrovi individually. The Amended Joint Bid Agreement plainly contemplates Ark Yachts, LLC being a new entity to be determined and formed at a later date. *See*, Complaint Exhibit "B" ¶ 1.

arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* (Internal citations omitted). The public interest factors include: "[i] the administrative difficulties flowing from court congestion; [ii] the 'local interest in having localized controversies decided at home'; [iii] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; [iv] the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and [v] the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). Not one of these factors support a refusal by this Court to enforce the forum selection clause in the Amended Joint Bid Agreement. Rather, these factors reinforce that only the Florida ABC Court should hear plaintiff's claims because: (i) no party hereto is located in Indiana; (ii) the "localized controversies" arise from the ABC Proceedings and should be heard in the Florida ABC Court applying Florida law[4]; and (iii) hearing plaintiff's claims in Indiana runs an unnecessary risk of contrary rulings and conflict of laws.

The Amended Joint Bid Agreement contains a mandatory and enforceable forum selection clause, therefore venue does not lie in this Court. "When a case is brought in a district in which venue does not lie, the court may dismiss it or transfer the case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). The decision to dismiss or transfer the case is within the court's discretion." *DeJohn* at 922 (additional citations omitted).

The only proper and exclusive venue for any claims arising from the Amended Joint Bid Agreement is the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. As the proper venue for Alliswell's claims is a state court, this Court cannot transfer this case and should properly dismiss. *See*, *Naartex Consulting Corp v. Watt*, 722 F.2d 779 (D.C. Cir. 1983) cert. denied,

---

[4] *See*, Complaint Exhibit "A" ¶ 22.

(holding trial court did not abuse discretion in dismissing claims instead of transferring when claims were not type that could be heard in federal court); *See also*, *Watson v. De Felice*, 428 F.Supp. 1276 (D.D.C. 1997)("where the transfer forum is not a federal court at all, but rather a state court . . . the remedy of transferring the action as provided in 28 U.S.C. § 1404 is unavailable and the pre-1948 remedy of dismissal under the doctrine of *forum non conveniens* emerges as the exclusive avenue of relief.")

### D. JUDICIAL COMITY

Putting aside the Amended Joint Bid Agreement and *forum non conveniens*, this matter should also be dismissed under principles of judicial comity. "The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010)(case remanded for dismissal under comity dictrine). The doctrine serves to ensure "the National Government, anxious though it may be to vindicate and protect federal rights and federal interest, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Id.* at 431 (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)).

Alliswell concedes it is a party to the ABC Proceedings and attaches the Sale Order to its Complaint, but then wholly violates both the letter of that order and the spirit of the ABC Proceedings by bringing this suit in Indiana. Specifically, Section 22 of the Sale Order provides, in relevant part, that the Florida ABC Court:

> *[R]eserves jurisdiction* with respect to each of the following: (a) to interpret, implement, and/or enforce this Order and the sale to Purchaser; (b) *to adjudicate any dispute arising from or relating to the sale*; (c) *to protect Purchaser and the Acquired Assets against any liens, claims, liabilities, obligations, pledges, encumbrances, charges, interests, and restrictions of every kind, nature, and description* ... (d) to enter orders in aid or furtherance of the sale or to ensure the peaceful use and enjoyment of the Acquired Assets by Purchaser; (e) to compel delivery of all Acquired Assets to Purchaser; (f) *to hear, determine, and adjudicate any claims asserted against Purchaser or the Acquired Assets* ...

Complaint, Ex. A, p. 10 (emphasis added).

The allegations which form the basis of Alliswell's Complaint arise directly and exclusively from

the ABC Proceedings, and the Florida ABC Court explicitly reserved jurisdiction for adjudication of the very rights that Alliswell seeks to assert herein. Allowing this matter to proceed in this forum runs the significant risk of contrary rulings which violates Florida's stated "intent of [the ABC statute] to provide a uniform procedure for the administration and orderly liquidation of insolvent estates, and to ensure full reporting to creditors and equal distribution of assets according to priorities as established under this chapter." Fla. Stat. § 727.101 Pursuant to the stated intent of the Florida ABC statutory scheme, the Florida ABC Court has exercised its right in the Sale Order to retain the jurisdiction of the very claims that Alliswell seeks to assert herein. The rulings of the Florida ABC Court are entitled to full faith and credit and this matter should be dismissed so that Alliswell's claims against the assets sold pursuant to the Sale Order can be litigated in the appropriate venue.

Not only is: (i) Alliswell a party to the Florida ABC Suit; (ii) the Florida ABC Court is familiar with and in the best position to adjudicate the claims asserted by Alliswell herein; but, (iii) the Florida ABC Court has in fact specifically reserved jurisdiction to do so. Accordingly, this Court should abstain from exercising jurisdiction and dismiss the Complaint.

WHEREFORE, Defendants, by counsel, pray that this action be dismissed under principles of *forum non-conveniens* and/or due to judicial comity, and for all other relief just and proper.

RUBIN & LEVIN, P.C.
Attorneys for Defendants.

By: /s/ William J. Walker
Reynold T. Berry Atty. No. 25482-49
William J. Walker Atty. No. 38559-29

RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN  46204
(317) 634-0300
Email: wwalker@rubin-levin.net
FAX No. (317) 263-9410
WJW/agm
F:\WP80\GENLIT\Arkhaus-Rabie (Alliswell) -83937302\Memo to Dismiss.wpd

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served electronically via the Court's ECF system upon the following this 29th  day of December, 2025

William A. Ramsey, Esq.
Email:  war@barrettlaw.com

/s/William J. Walker
William J. Walker

RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN  46204
(317) 634-0300 - Fax (317) 263-9410
Email: wwalker@rubin-levin.net
RTB/js1
(Our File No. 83937302)  F:\WP80\GENLIT\Arkhaus-Rabie (Alliswell) -83937302\Memo to Dismiss.wpd