**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| ALLISWELL CORPORATION, a Bahamian Corporation | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **Case No. 4:25-cv-170-SEB-KMB** |
| | ) |
| ARKHAUS, INC., a Delaware corporation, SAM PAYROVI, and ARK VESSELS, LLC | ) ) ) |
| | ) |
| Defendants. | ) ) ) |
| _____ | ) |

**ALLISWELL CORPORATION'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

Alliswell Corporation ("Alliswell"), by counsel, submits its Response in Opposition to Defendants' Motion to Dismiss. For the following reasons, the Court should deny the Motion to Dismiss filed by Defendants Arkhaus, Inc. ("Arkhaus"), Sam Payrovi ("Payrovi"), and Ark Vessels, LLC ("Ark Vessels") (collectively "Defendants").

## I.     Introduction

Defendants, asks this Court to dismiss Alliswell's claims against it for *forum non conveniens* and judicial comity. Defendants contend that the Southern District of Indiana is an improper forum for these claims due to a forum selection clause in the Amended Joint Bid Agreement. Defendants also assert that judicial comity should cause this Court to dismiss Alliswell's claims. This Court should not dismiss any of Alliswell's claims against Defendants because Alliswell's claims do not solely relate to the Joint Bid Agreement and the forum selection clause in the Amended Joint Bid Agreement is illusory and unenforceable under the facts of this case.

## II.   Facts

Arkup Sales and its affiliate, Arkup, LLC (collectively, the "Arkup Assignment Entities") commenced assignment for the benefit of creditors proceedings (the "ABC Proceedings") in Miami, Florida, in March 2025 through the assignment of their assets to Michael Dunn, as Assignee. (Amended Complaint ¶ 14 ECF Doc. #15.) Originally, Arkhaus, and a principal of Alliswell, Adam Rabie ("Rabie"), entered into a Joint Bid Agreement to bid on assets being auctioned off in the ABC Proceedings. (Amended Complaint ¶ 16, ECF Doc. #15.) The Joint Bid Agreement was incorporated into the Sale Order issued by the Court presiding over the ABC proceedings (the "ABC Court"). (Amended Complaint ¶ 16, ECF Doc #15; Sale Order, ECF Doc #15-1.)

Thereafter, Arkhaus, Alliswell, Rabie, and an entity which was to be created, called Ark Yachts, LLC, entered into an Amended Joint Bid Agreement to resolve disputes related to the original Joint Bid Agreement and Sales Order. (Amended Complaint ¶ 23, ECF Doc #15; Amended Joint Bid Agreement, ECF Doc #15-2.) Under the Amended Joint Bid Agreement, Alliswell was to have certain rights to certain assets ("Arkhaus Assets") obtained from the Arkup Assignment Entities. (Amended Complaint ¶ 25 ECF Doc. #15.) Unfortunately, Defendants have acted to prevent Alliswell from accessing or utilizing its rights to the Arkhaus Assets, which were, and potentially still are, located in Bedford, Indiana.  (Amended Complaint ¶¶ 25-33 ECF Doc. #15.) The Defendants have also deliberately and maliciously made defamatory statements about Alliswell to various contractors and vendors of Alliswell in an attempt to damage Alliswell's business. (Amended Complaint ¶¶ 51-55, 64-68 ECF Doc. #15.)

4915-0077-3509 *Alliswell's Response to Motion to Dismiss*

### III.      Argument

#### A.      Legal Standard

In general, a plaintiff's burden in defending against a motion to dismiss is very low. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 810 (7th Cir. 2016). In general, when ruling on a motion to dismiss, courts accept a plaintiff's allegations as true and deny the motion "as long as the complaint contains sufficient factual allegations to state a claim for relief that is legally sound and plausible on its face." *Id.* Conversely, when seeking dismissal for *forum non conveniens* a defendant has a very heavy burden to demonstrate the inconvenience of litigating in the selected forum. *See Id.* at 806. This burden is appropriate because the dismissal for *forum non conveniens* is an exceptional remedy to be used sparingly. *Id.* "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S 501, 504 (7th Cir. 2016)) (alteration in original). When assessing the convenience of a chosen forum courts "first determine if an alternative and adequate forum is available and then go on to balance the interest of the various participants." *Id.* at 807. [1]

When addressing a motion to dismiss under forum non conveniens based on a forum selection clause, "the court must determine whether the clause is valid and enforceable, *see AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 525 (7th Cir. 2001), and whether the claims at issue in the case are covered by the forum selection clause, *see Abbott Lab'ys v. Takeda Pharm. Co.*, 476 F.3d 421, 424 (7th Cir. 2007)." *NC Cap., LLC v. Metabolomic Techs., Inc.*, 594 F. Supp. 3d 1073, 1078 (C.D. Ill. 2022). As explained below,

---

[1] Plaintiffs recognize that when a plaintiff defies a mandatory forum selection clause, the plaintiff bears the burden of showing that transfer to the forum selected in the clause is unwarranted. *See Nulogy Corp. v. Menasha Packaging Co., LLC*, 76 F.4th 675, 680 (7th Cir. 2023). But Plaintiffs contest that the clause is applicable or enforceable, so this burden shifting approach does not apply.

4915-0077-3509 *Alliswell's Response to Motion to Dismiss*

Alliswell's claims for defamation and tortious interference are not covered by the forum selection clause and, with respect to the remaining claims, the forum selection clause is either invalid, unenforceable, or inapplicable.

### B. Alliswell's Claims for Defamation and Tortious Interference do Not Arise from the Amended Joint Bid Agreement.

The entirety of Defendants' *forum non conveniens* argument hinges upon a forum selection clause found in the Amended Joint Bid Agreement. The provision in question states: "The parties agree that any dispute or legal proceeding arising out of or relating to this Agreement shall be brought exclusively in the Assignment Court with jurisdiction to enforce the Sale Order." (Amended Joint Bid Agreement, Sec. (9)(e) ECF Doc. #15-2.) As will be explained in further detail below, Alliswell believes this provision does not apply to any of its claims in this action but, even if the Court rules this provision applies to those claims that involve the Amended Joint Bid Agreement, the Court should reject any argument that Alliswell's claims for defamation or tortious interference are subject to the forum selection clause.

While forum selection clauses may apply to all different kinds of claims, such "claims must nevertheless be within the scope of the specific forum-selection clause." *Archer Daniels Midland, Inc. v. LNG Indy LLC*, 4:20-CV-60-TLS-APR, 2021 WL 1634411 at *4 (N.D. Ind. April 27, 2011). While any disputes "which arguably depend on the construction of an agreement 'arise out of' that agreement", simple "[b]ut-for causation is an unsatisfactory understanding of language referring to 'disputes arising out of' an agreement." *Omron Healthcare, Inc. v. Mclaren Exports Ltd.*, 28 F.3d 600, 602-03 (7th Cir. 1994). When a forum selection clause is limited to claims that "arise out of" an agreement, Courts will require a defendant to show how the claims at issue are connected

with the "express or implied terms of the [agreement]." *Archer Daniels Midland*, 2021 WL 1634411 at \*5.

In *Archer Daniels Midland, Inc. v. LNG Indy LLC* the U.S. District Court for the Northern District of Indiana rejected the application of a forum selection clause to negligence claims brought by Archer Daniels Midland ("ADM") against LNG Indy LLC ("LNG"). *Id.* ADM brought suit against LNG following a grain dryer fire which damaged ADM's grain drying facility. *Id.* at \*1. LNG supplied ADM with liquified natural gas pursuant to a purchase agreement with a forum selection clause which stated: "The parties herby consent to the exclusive jurisdiction and service of process of and venue in the federal and or state courts located in Marion County, Indiana in the event of any suit *arising out of this Agreement*." *Id.* at \*2 (emphasis added by Court). ADM's suit against LNG did not allege that LNG had breached the agreement, but rather that LNG was negligent in its "design, selection, and monitoring of equipment for the mobile storage and vaporization of liquified natural gas" that it had brought to ADM's facility because the equipment had "incapacitated [ADM's] gas shut-off system connected to the grain dryer" which would have prevented the fire. *Id.* at \*1. ADM argued that the forum selection clause in the purchase agreement was inapplicable because the agreement was confined to the purchase of the liquid natural gas. *Id.* at \*4. The District Court noted that the agreement "contain[ed] detailed provisions addressing pricing, purchase volume, the term of the agreement, specifications, delivery, transfer of title, risk of loss, damages, limitations on liability, and indemnity all related to the purchase and delivery of [liquid natural gas]" but lacked "any reference to [LNG's] equipment, the installation of the equipment, or [LNG's] monitoring of the equipment at [ADM's] facility or to any liabilities in the event of damage to or caused by that equipment and/or monitoring." *Id.*

LNG responded to ADM by arguing that the equipment and monitoring services it provided to ADM did arise from the agreement and therefore were covered by the forum selection clause. *Id.* at \*6. LNG explained that "it is not in the business of leasing equipment or simply providing [liquid natural gas] monitoring services" and that "the only reason it provided the equipment and monitoring services to [ADM] was in relation to [ADM's] purchase" of natural gas from LNG under the agreement. *Id.* The District Court rejected this argument, ruling that LNG's argument relied upon "but-for" causation, which was not sufficient to show the negligence claims arose from the agreement. *Id.* Specifically, the District Court stated:

> In this case, although [LNG] may not have provided equipment and monitoring services if the [ADM] had not purchased [liquid natural gas] from [LNG], it does not follow that the provision of equipment and monitoring service was covered by the terms [of the agreement] such that a dispute about the equipment and monitoring services "arises out of" the [agreement]. As set forth in detail above, the terms of the [agreement] were limited to the purchase and delivery of [liquid natural gas].

*Id.* (citations omitted). Accordingly, the District Court held that the forum selection clause was inapplicable to the negligence claims of ADM. *Id.*

Here, as in *Archer Daniels Midland*, the subject forum selection clause is limited in nature and only applies to claims or disputes which originate from the Amended Joint Bid Agreement. The forum selection clause only applies to disputes or legal proceedings "arising out of or relating to" the Amended Joint Bid Agreement. (Amended Joint Bid Agreement, ECF Doc. #15-2.) Alliswell's defamation and tortious interference claims, much like the negligence claims in *Archer Daniels Midland*, are not based on any contractual obligations and do not require any interpretation of contractual language. These two claims are torts, which are completely independent of the Amended Joint Bid

4915-0077-3509 *Alliswell's Response to Motion to Dismiss*

Agreement and would be fully viable claims even if there were no contract between any of the parties whatsoever.

Moreover, even if Defendants were to argue that they would not have tortiously interfered in Alliswell's business relations or otherwise defamed Alliswell absent the Amended Joint Bid Agreement, such an argument would simply represent the insufficient "but-for" causation rejected by federal courts in other cases. *See e.g.*, *Omron*, 28 F.3d at 602-03; *Archer Daniels Midland*, 2021 WL 1634411 at *7. As the defamation and tortious interference claims are not subject to the forum selection clause and do not arise out of the Amended Joint Bid Agreement, the Court should, at a minimum, reject the Defendants' request to dismiss them for *forum non conveniens* and judicial comity.

Defendants' *forum non conveniens* argument relies almost entirely upon application of the forum selection clause. For this reason, Defendants did not present any real argument or evidence to suggest the private interests of parties or witnesses in this case would support dismissal for *forum non conveniens*. Regardless, the allegations in the Amended Complaint confirm that the Defendants have operated to negatively impact property held in Indiana by tortiously interfering with Alliswell's business relationships in an attempt to prevent Alliswell from finishing the boat it purchased from Arkup Sales. (Amended Complaint ¶¶ 13, 31, 37 ECF Doc. #15.) Thus, the private interest factors at play weigh in favor of this forum because the allegations demonstrate that one of the key pieces of evidence regarding Alliswell's damages for defamation and tortious interference is the unfinished boat which is (or at a minimum was) being held here in Bedford, Indiana, and Defendants' tortious actions have impacted and prolonged the unfinished state of that property located here in Indiana.

4915-0077-3509 *Alliswell's Response to Motion to Dismiss*

Defendants present arguments regarding the public interest factors at play, but they offer little analysis beyond suggesting that the factors weigh in their favor because all the claims at issue stem from the ABC Proceedings and the parties are not native to Indiana. When considering public interest factors, courts generally look at "the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *IAC/InterActiveCorp v. Roston*, 44 F.4th 635, 645 (7th Cir. 2022). As an initial matter, and as outlined above, one of the central harms caused by Defendants defamation and tortious interference is that it has impeded Alliswell's efforts to complete the boat that – at least at the time the Complaint was filed – was located here in Indiana. Thus, as the harm caused is focused here in Indiana, Indiana represents an appropriate forum for its adjudication.

Additionally, there are no real concerns raised by the Defendants about court congestion and the Defendants arguments regarding potential contrary rulings fall flat because these claims are not associated with and do not originate from the ABC Proceedings, Sale Order, or Amended Joint Bid Agreement. Indeed, the Defendants do not allege – nor could they – that they have been sued for tortious interference in Florida. Therefore, far from supporting Defendants' argument, the public interest factors weigh in favor of Indiana as the appropriate forum because the harm is largely localized in Indiana.

Additionally, as the ABC Proceedings are not connected with these claims, Defendants' arguments regarding judicial comity are similarly inapplicable here. Accordingly, as the public interest factors weigh in favor of Indiana as the appropriate

forum and the Defendants have offered no argument that the private interest factors weigh in their favor, the Defendants have failed to satisfy their heavy burden of showing that Indiana is an inconvenient forum, and the Court should deny Defendants' Motion to Dismiss with regard to the defamation and tortious interference claims.

**C.    The Forum Selection Clause is Illusory and Unenforceable.**

With regard to the other claims at issue in Alliswell's Amended Complaint, the Court should deny the Defendants Motion to Dismiss because the forum selection clause in the Amended Joint Bid Agreement deprives Alliswell of obtaining adequate relief for its claims. The 7th Circuit has held that illusory forum selection clauses are unreasonable and unenforceable. *Jackson v. Payday Financial, LLC*, 764 F.3d 765, 776 (7th Cir. 2014) (finding that forum selection clause requiring arbitration by the Cheyenne River Sioux Tribe was unreasonable and unenforceable because no such process or forum existed).

In addition to the defamation and tortious interference claims outlined above, the Amended Complaint also contains claims for breach of contract, specific performance, injunctive relief, fraudulent inducement, and declaratory judgment. (Amended Complaint pp. 9-15, ECF Doc #15.) These claims all center around the Amended Joint Bid Agreement and the Arkhaus Assets to which Alliswell has certain rights under the Amended Joint Bid Agreement. Defendants have argued that, as these claims relate to the Amended Joint Bid Agreement, they must be subject to the forum selection clause therein. While under certain circumstances the clause might be enforceable, here, the clause is inapplicable and illusory. Ultimately, the ABC Court lacks jurisdiction over the Arkhaus Assets because, as far as Alliswell knows, at the time the Complaint was filed, the Arkhaus Assets were located in Indiana. This lack of jurisdiction renders the forum selection clause unenforceable in this case and, indeed, the forum selection clause itself indicates that it

confers jurisdiction only on the Florida court "having jurisdiction." The problem for the Defendants' position is that a Florida court does not have in rem jurisdiction over property located in Indiana.

> Florida courts do not have in rem jurisdiction over property located outside of the state. *See Burns v. Dep't of Legal Affs.*, 147 So. 3d 95, 96-97 (Fla. 5th DCA 2014) (A "trial court does not have [in rem] jurisdiction" in a forfeiture proceeding to seize accounts where "[n]one of the accounts were located in Florida."); *Sargeant v. Al-Saleh*, 137 So. 3d 432, 434 (Fla. 4th DCA 2014) ("Florida courts do not have in rem or quasi in rem jurisdiction over foreign property."); *see also Hanson v. Denckla*, 357 U.S. 235, 246, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) ("[T]he in rem jurisdiction of a state court is limited by the extent of its power and by the coordinate authority of sister States. The basis of the jurisdiction is the presence of the subject property within the territorial jurisdiction of the forum State." (footnote omitted)).

*Navy Federal Credit Union v. Veros Credit, LLC*, 396 So.3d 590, 592 (Fla. 4th DCA 2024).

In *Sargeant v. Al-Saleh*, Florida's 4th District Court of Appeal heard an appeal from a trial court's order requiring a judgment debtor to turn over stock certificates pertaining to ownership of multiple foreign entities. 137 So.3d 432 (Fla. 4th DCA 2024). The *Sargeant* Court overturned the trial court's order finding that "the Court lacked jurisdiction to compel the turnover of property located outside the State of Florida." *Id.* at 433. In analyzing the question, the *Sargeant* Court stated that policy reasons prevented Florida courts from exercising such authority because "claims against a single asset should be decided in a single forum—and … that that forum should be, as it traditionally has been, a court of the jurisdiction in which the asset is located." *Id.* at 435 (quoting *Koehler v. Bank of Bermuda Ltd.*, 911 N.E.2d 825, 831 (N.Y. Ct. App. 2009) (Smith, J., dissenting)) (alteration in original). The *Sargeant* Court concluded by stating: "In light of these policy considerations and the absence of controlling case law, we find that the trial

court did not have the authority to order the debtors to turn the foreign stock certificates over to their counsel." *Id.*

Plaintiffs acknowledge that, since the *Sargeant* decision, the Florida Supreme Court has ruled in *Shim v. Buechel* that a court may compel a judgment debtor to turn over assets when presented with the same situation. 339 So.3d 315, 318 (Fla. 2022). Notably though, the *Shim* Court's decision was based upon the text of Florida Statute § 56.29, which was also at issue in the *Sargeant* case. *Id.* at 317. According to the *Shim* Court, a Florida court's *in personam* jurisdiction coupled with the text of the statute was sufficient to allow Florida courts to force judgment debtors to turn over foreign assets. *Id.* Because the decision was based upon the language of the statute, the *Shim* Court indicated that the *Sargeant* Court should not have reached the policy considerations upon which it based its decision. *Id.* Despite this, the *Shim* Court did not overturn *Sargeant* wholesale but rather concluded their opinion by stating that "section 56.29(6) provides a trial court the authority to order a defendant over whom it has in personam jurisdiction to act on foreign property and [the Court] disapprove[s of] *Sargeant to the extent that it holds otherwise.*" *Id.* at 318 (emphasis added). Crucially, the *Shim* Court did not fully reject *Sargeant* or suggest that its assessment of policy concerns preventing jurisdiction was wrong generally. Instead, the *Shim* Court found simply that *Sargeant* was wrong in the context of a statute—namely § 56.29—which provided courts specific authority. *Id.* at 317-318.

Here, the issue of the ABC Court's authority over the out-of-state Arkhaus Assets is similar to the issue in the *Sargeant* and *Shim* cases with one key difference—the proceeding supplemental statute which was determinative in those cases has no application here. Alliswell is not a creditor attempting to collect from a judgment debtor

and therefore the ABC Court cannot turn to that statute in order to justify exerting control over the Arkhaus Assets which are at the center of Alliswell's claims arising from the Amended Joint Bid Agreement. Without the application of § 56.29, the ABC Court is bound by *Sargeant*'s ruling that policy concerns prevent Florida courts from ordering parties to act on out-of-state assets. Accordingly, the relief sought by Alliswell, which largely relates to regulating the use, possession, and control of the Arkhaus Assets, is not attainable in the ABC Court.

For this reason, this Court should decline to apply the forum selection clause because, in this context, the ABC Court actually lacks the full authority and jurisdiction to enforce the Sale Order in relation to the Arkhaus Assets and thus represents an illusory forum for Alliswell's claims. For this reason, application of the forum selection clause would be manifestly unreasonable under the circumstances. *Jackson v. Payday Financial, LLC*, 764 F.3d 765, 776 (7th Cir. 2014). Accordingly, any arguments Defendants may make regarding a balancing of interests or judicial comity must fail because if the ABC Court lacks jurisdiction over the Arkhaus Assets—which are at the center of Alliswell's claims—then any judicial comity or public interest considerations would weigh exclusively in favor of this Court adjudicating Alliswell's claims.

Finally, even if (for the sake of argument only) the Court were to find the forum selection clause in the Joint Bit Agreement to be valid and applicable to the contract claims, the Court should still decline grant Defendants' requested relief, which would result in the contractual portion of this suit being heard in Florida. It is clear that the other claims brought in the Complaint are not subject to the forum selection clause. When addressing a request to decline to hear a case on forum non conveniens grounds, "the ultimate inquiry is where trial will best serve the convenience of the parties and the ends

4915-0077-3509 *Alliswell's Response to Motion to Dismiss*

of justice." *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527, 67 S. Ct. 828, 833, 91 L. Ed. 1067 (1947); *see also Curtis v. Galakatos*, 19 F.4th 41, 48–49 (1st Cir. 2021) (recognizing that while forum non conveniens arguments turn on the unique facts of the case, "The 'ultimate inquiry' remains, all in all, 'where trial will best serve the convenience of the parties and the ends of justice.'" (quoting *Inamura v. Gen. Elec. Co.*, 957 F.3d 98 (1st Cir. 2020)). The boat that is subject of this suit and related parts were manufactured and stored in Indiana, and Defendants have taken actions and conducted operations in Indiana, so they cannot be heard to complain that Indiana is inconvenient. And regardless, Defendants will need to litigate the non-contract claims in Indiana as these claims are not subject to the forum selection clause. Severing the case to make the parties litigate in both jurisdictions[2] will not serve the convenience of the parties or the ends of justice.

## IV.    Conclusion

The Defendants have failed to meet their burden of demonstrating that Alliswell's Amended Complaint should be dismissed for *forum non conveniens* or judicial comity. The Court should, therefore, deny the motion. Additionally, even if the Court concludes that those claims connected with the Amended Joint Bid Agreement are subject to the forum selection clause, the Court should still refuse to dismiss Alliswell's claims for

---

[2] Defendants rely on the forum selection clause analysis, not the broader analysis for forum non conveniens motions that requires consideration of the private interest factors. *See generally Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49, 64 (2013). As argument regarding the private interest factors is not before the Court, there would be no basis to transfer the non-contract claims to Florida on the basis of general convenience. In other words, while keeping the non-contract claims in this Court provides a reason to keep the contract claims as well, transferring the contract claims to Florida (which Alliswell disputes should occur) would not provide a basis to decline to hear the non-contract claims in Indiana.

4915-0077-3509 *Alliswell's Response to Motion to Dismiss*

defamation and tortious interference because they are separate and independent of the

Amended Joint Bid Agreement.

Respectfully submitted,

BARRETT MCNAGNY LLP

*/s/ William A. Ramsey*
William A. Ramsey #26547-53
215 East Berry Street
Fort Wayne, Indiana 46802
Telephone: (260) 423-9551
Email: war@barrettlaw.com

*Attorney for Plaintiff Alliswell Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2026, a copy of the foregoing document was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ William A. Ramsey*
William A. Ramsey