UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

ALLISWELL CORPORATION, a Bahamian )
Corporation )
  )
               Plaintiff, )
  )
      vs. )  CASE NO.  4:25-cv-00170-SEB-KMB
  )
ARKHAUS, INC., a Delaware corporation, )
SAM PAYROVI, and ARK VESSELS, LLC )
  )
           Defendants. )
  )

## **DEFENDANTS' REPLY TO ALLISWELL CORPORATION'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Come now the defendants, ARKHAUS INC., SAM PAYROVI, and ARK VESSELS, LLC., by counsel, and for their Reply to *Alliswell Corporation's Response in Opposition to Defendant's Motion to Dismiss* ("Response"), state as follows[1]:

Defendants filed their Motion to Dismiss Amended Complaint for *Forum Non Conveniens* and/or Judicial Comity and the Memorandum in Support thereof on December 29, 2025. Alliswell filed its Response on January 28, 2026, which largely rests on two flawed premises: (i) that Alliswell's tort claims fall outside of the contractual relationship of the parties allowing it to avoid the forum selection clause, and (ii) the forum selection clause is unenforceable because the Florida ABC Court purportedly cannot provide adequate relief. Both arguments fall short of the required burden to avoid the valid forum selection clause. In short, Alliswell asks this Court to protect and enforce rights it acquired under the Amended Joint Bid Agreement and Sale Order, but to ignore

---

[1]All Capitalized terms, unless defined herein, shall have the same meaning as in the Complaint and Defendant's Motion to Dismiss.

the plain terms of those documents, providing the proper venue for any dispute to be the Florida ABC Court. Accordingly, this matter should be dismissed.[2]

### A. Alliswell Cannot Avoid the Forum Selection Clause via Artful Pleading

The Response asserts that Alliswell's claims for defamation and tortious interference "do not arise from the Amended Joint Bid Agreement." [Response Sec. B, ECF Doc. #25]. However, the Seventh Circuit has repeatedly rejected attempts to circumvent forum selection clauses through artful pleading. Specifically, "where the relationship between the parties is contractual, the pleading of alternative non-contractual theories of liability should not prevent enforcement of such a bargain [as to the appropriate forum for litigation]." *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993)(quoting *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,* 709 F.2d 190, 203 (3rd Cir. 1983)). Further, the term "arising out of" reaches all disputes having their "origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se." *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l., Ltd*, 1 F.3d 639, 642 (7th Cir. 1993).

Alliswell relies heavily on *Archer Daniels Midland, Inc. v. LNG Indy LLC*, 2021 WL 1634411 (N.D. Ind. 2011) ("ADM") to support its contention. However, ADM is plainly distinguishable from the facts pled by Alliswell herein. In ADM, the District Court held a forum selection clause was inapplicable to a negligence claim because the alleged negligence was not rooted in the contract containing the forum selection clause. *Id.* at 19. ADM purchased liquid natural gas from LNG pursuant to a purchase agreement that contained a forum selection clause.

---

[2]Alliswell's tort claims are barred on their face by the Economic Loss Doctrine. When a contract controls the parties' relationship they "cannot use tort principles to circumvent the terms of an agreement." *Cerabio LLC v. Wright Med. Tech., Inc.*, 410 F.3d 981, 988 (7th Cir. 2005).

*Id*. at 1. LNG installed equipment in ADM's facility for the mobile storage and vaporization of the liquid natural gas that ultimately caused a fire resulting in various damages to ADM. *Id.* at 2. The Court noted that the parties' purchase agreement contained extensive provisions regarding what was covered, but lacked any reference to "the equipment, the install of the equipment, or [LNG]'s monitoring of the equipment at [ADM]'s facility or to any liabilities in the event of damage to or caused by that equipment and/or monitoring." *Id*. at 4. The District Court held that ADM's negligence claim did not arise from the parties' purchase agreement and therefore was not subject to the forum selection clause. *Id*. at 19.

Unlike the Northern District Court in ADM, this court need not interpret the Amended Joint Bid Agreement to determine its relation to the tort claims as Alliswell plainly admits their connection. "On information and belief, Payrovi made these statements as retaliation for positions taken by Rabie *with respect to disputes over the Amended Joint Bid Agreement. . .*" (emphasis added). [Complaint ¶ 40, ECF Doc. #15]. Alliswell further admits the alleged defamatory statements were related to parts and equipment "identified under the Sale Order and the Amended Joint Bid Agreement. . .". [Complaint ¶ 38, ECF Doc. #15]. Alliswell's tort claims are not separate and independent claims as alleged in the Response, or as the case in ADM, but are specifically "arising out of or relating to" the Amended Joint Bid Agreement and subject to the forum selection clause therein. [Amended Joint Bid Agreement p. 4, ECF Doc. #15-2].

Alliswell attempts to reshape the Defendants' arguments into "but-for" causation. Such analysis is irrelevant as Alliswell's allegations in the Complaint independently defeat any alleged reliance on "but-for" causation. Plainly, the nexus of the parties' relationship, even as alleged by Alliswell, was the Amended Joint Bid Agreement, as effectuated by the Sale Order, and all of

Alliswell's claims therefore have their "origin or genesis" in those documents. *Sweet Dreams Unlimited, Inc.*, 1 F.3d 639, 642 (7th Cir. 1993). Alliswell's transparent attempts at artful pleading to circumvent the forum selection clause should not be allowed by this Court, and the Complaint should be dismissed so that Alliswell can bring its claims in the proper forum.[3]

### B. The Forum Selection Clause is not Illusory or Unenforceable

In the alternative, Alliswell claims the forum selection clause is illusory and unenforceable because the Florida ABC Court allegedly lacks authority to grant adequate relief. [Response Sec. C, ECF Doc. #25]. As the Supreme Court established in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972), a forum selection clause will be enforced unless it can be clearly shown "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Alliswell makes no such argument.

Alliswell's misplaced contention the Florida ABC Court cannot rule on its claims relies on *Jackson v. Payday Financial, LLC*, 764 F.3d 765 (7th Cir. 2014), which is easily distinguishable. In *Jackson*, the contract required arbitration in a forum that did not exist and the Seventh Circuit held that a non-existent forum was an illusory forum as it left the plaintiff with "no forum at all." *Jackson,* 764 F.3d  at 776. In this case, not only does the proper forum exist in Florida, but Alliswell is a party to the ABC Proceedings and the Florida ABC Court has specifically reserved jurisdiction to hear such claims. [Sale Order ¶ 22, ECF Doc #15-1]. Alliswell may prefer to litigate in Indiana, or believe it may obtain broader relief in Indiana, but that does not render the forum selection clause "unreasonable and unjust" and certainly does not make the clause illusory or

---

[3] *See*, *Watson v. De Felice*, 428 F.Supp. 1276 (D.D.C. 1997)("where the transfer forum is not a federal court at all, but rather a state court . . . the remedy of transferring the action as provided in 28 U.S.C. § 1404 is unavailable and pre-1948 remedy of dismissal under the doctrine of *forum non conveniens* emerges as the exclusive avenue of relief.")

unenforceable. *The Bremen*, 407 U.S. 1, 15 (1972).

### C. Judicial Comity Requires the Complaint be Dismissed

Alliswell asserts its tort claims are "not connected" to the ABC Proceedings, yet concedes in the Complaint the underlying facts of those tort claims originate from the Sale Order. [Complaint ¶¶ 37, 40, ECF Doc. #15]. In support of its claim, Alliswell alleges the Florida ABC Court "lacks jurisdiction over the Arkhaus Assets" as they are located in Indiana[4], and therefore the Florida ABC Court would not have jurisdiction. [Response p. 10, ECF Doc. #25]. This contention ignores the explicit language of the Sale Order which provides, in relevant part, the Florida ABC Court:

> ***[R]eserves jurisdiction*** . . . (b) *to adjudicate **any dispute** arising from or relating to the sale*; (c) ***to protect Purchaser and the Acquired Assets*** *against any liens, claims, liabilities, obligations, pledges, encumbrances, charges, interests, and restrictions of every kind, nature, and description* . . .; (f) ***to hear, determine, and adjudicate any claims asserted against Purchaser or the Acquired Assets*** ...

[Sale Order, ¶ 22, ECF Doc. #15-1] (emphasis added).

Alliswell admits the common nucleus of fact for its claims is the Amended Joint Bid Agreement and the Sale Order, attached both documents to its Complaint, and then violated them both by filing suit in Indiana. Alliswell asks this Court to protect and enforce rights under the Amended Joint Bid Agreement and Sale Order but to ignore their plain terms providing the proper venue for any dispute is the Florida ABC Court. The Florida ABC Court exercised its right in the Sale Order to retain the jurisdiction of the very claims that Alliswell seeks to assert herein, and the

---

[4]Confusingly, Alliswell appears to concede the unfinished boat at the core of its claims may no longer be located in Indiana. ". . .one of the central harms caused by Defendants' defamation and tortious interference is that it has impeded Alliswell's efforts to complete the boat that - at least at the time the Complaint was filed - was located here in Indiana." [Response p. 8, ECF Doc. #25].

rulings of the Florida ABC Court are entitled to full faith and credit.

### D. Conclusion

Alliswell has pled itself out of this Court. Alliswell's claims, as alleged in the Complaint, share a common nucleus of fact: the Amended Joint Bid Agreement and the Sale Order. Both of those documents stipulate the proper and exclusive venue to hear Alliswell's claims is the Florida ABC Court. Alliswell has not come close to meeting its steep burden of proving enforcement of the forum selection clause would be "unreasonable and unjust" nor that the clause is "invalid for such reasons as fraud or overreaching." *The Bremen*, 407 U.S. 1, 15 (1972). Alliswell should not be permitted to circumvent the forum selection clause through artful pleading. As the parties agreed these claims must be brought in the Florida ABC Court, which court also reserved jurisdiction to hear the same, this Court should abstain from exercising jurisdiction and the Complaint should be dismissed.

WHEREFORE, Defendants, by counsel, pray this action be dismissed for under principles of *forum non conveniens* and/or judicial comity, and for all other relief just and proper.

RUBIN & LEVIN, P.C.
Attorneys for Defendants.

By: /s/ William J. Walker
Reynold T. Berry Atty. No. 25482-49
William J. Walker Atty. No. 38559-29

RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN 46204
(317) 634-0300
Email: wwalker@rubin-levin.net
WJW/agm
F:\WP80\GENLIT\Arkhaus-Rabie (Alliswell) -83937302\Reply to MTD.wpd

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served electronically via the Court's ECF system upon the following this 2nd day of February, 2026

William A. Ramsey, Esq.
Email:  war@barrettlaw.com


/s/William J. Walker
William J. Walker


RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN  46204
(317) 634-0300 - Fax (317) 263-9410
Email: wwalker@rubin-levin.net
RTB/js1
(Our File No. 83937302)  F:\WP80\GENLIT\Arkhaus-Rabie (Alliswell) -83937302\Reply to MTD.wpd