UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

ALLISWELL CORPORATION, A BAHAMIAN )
CORPORATION,                       )
                                   )
                Plaintiff,         )
                                   )
        v.                         )    No. 4:25-cv-00170-SEB-KMB
                                   )
ARKHAUS, INC., A DELAWARE          )
CORPORATION,                       )
SAM PAYROVI,                       )
ARK VESSELS, LLC,                  )
                                   )
                Defendants.        )

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED
COMPLAINT BASED ON *FORUM NON CONVENIENS***

Before the Court is Defendants' Motion to Dismiss the Amended Complaint based on the

*forum non conveniens* doctrine and/or judicial comity. Dkt. 22. For the reasons explained below,

the Motion is **GRANTED** without prejudice to Plaintiff's right to litigate its claims in the Florida

ABC Court.[1]

Plaintiff Alliswell Corporation ("Alliswell") filed a seven-count complaint in this district

in an effort primarily to vindicate its rights under the Amended Joint Bid Agreement it had entered

into with Defendants Arkhaus, Inc. ("Arkhaus"), Sam Payrovi ("Payrovi"), and Ark Vessels, LLC

("Ark Vessels") relating to the purchase of a partially constructed yacht.[2] Attached to the Amended

Complaint are two exhibits, the Sale Order and the Amended Joint Bid Agreement, both of which

---

[1] We recognize that, on June 17, 2026, we referred the instant motion to the Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1). Dkt. 36. That referral is hereby **vacated**, and we shall proceed accordingly.

[2] The Counts in the Amended Complaint include: Count I Breach of Contract; Count II Defamation per se; Count III Specific Performance; Count IV Injunctive Relief; Count V Tortious Interference with Business Relations; Count VI Fraud in the Inducement; and Count VII Declaratory Judgment.

contain provisions placing exclusive jurisdiction in the Florida Court that is overseeing a separately filed lawsuit based on the Assignment for Benefit of Creditors ("ABC Proceedings").

The facts underlying the parties' dispute reveal a complex process of negotiations and agreements among numerous parties who were all allegedly engaged in some fashion in the purchase and sale of the subject yacht. We need not delve deeply into these complexities to resolve the straightforward legal issue raised in Defendants' motion to dismiss.

In brief, the Amended Complaint alleges that Alliswell, a Bahamian business, purchased a yacht, the construction of which at the time was approximately 85% complete and was physically located at an Arkup Sales facility in Bedford, Indiana. In March 2025, non-parties Arkup Sales, LLC and Arkup, LLC (the "Arkup Entities") commenced an Assignment for the Benefit of Creditors ("ABC") proceeding in a Florida Court (Cause No. 2025-004082-CA-01) whereby assets (including the yacht) were assigned to one Michael Dunn ("Dunn") as Assignee. During the pendency of the ABC proceedings, Dunn marketed assets from various Arkup Entities to an assortment of potential buyers/investors, including soliciting bids for the purchase of certain Arkup Entities' assets. Two qualifying overbids for these assets were submitted, one by Arkhaus and one by Adam Rabie, the principal of Alliswell. During the auction, those two high bidders decided to submit a joint bid, which then became the highest and best offer. A Joint Bid Agreement was executed, which provided that Arkhaus would purchase the assets out of the ABC Proceedings as reflected in the Sale Order.

The  Joint Bid Agreement set forth the details of their mutual obligations as the two successful bidders. Alliswell maintains that despite the terms of the Sale Order and the Joint Bid Agreement, Arkhaus materially breached these obligations in various ways. To resolve the disagreements between them that were cropping up, the two parties executed an Amended Joint

Bid Agreement. Ultimately, according to Alliswell's Amended Complaint, Arkhaus failed to comply with its obligations under the Amended Joint Bid Agreement and has also threatened to move the Arkhaus Assets (including the yacht) from Bedford to some other location. A variety of other claims have arisen premised on alleged violations of these agreements as spelled out in the Amended Complaint.

Attached to the Amended Complaint are copies of the Sale Order and the Amended Joint Bid Agreement. Both documents contain provisions directing that the choice of forum for resolution of disputes that might arise under the agreements is the Florida ABC Court. Section 9(e) of the Amended Joint Bid Agreement provides that "[t]he parties agree that any dispute or legal proceeding arising out of or relating to this Agreement shall be brought exclusively in the [Florida ABC Court] with jurisdiction to enforce the Sale Order." Dkt. 15-2 at 4. Similarly, in the Sale Order entered by the Florida ABC Court, jurisdiction was reserved by the Court to hear any and all claims arising from the ABC proceedings. Dkt. 15-1 at 10.

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 62. Where, as here, "the case involves a forum-selection clause, however, private interests drop out of the equation." *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation," meaning that our *forum non conveniens* "analysis is limited to public-interest factors."

*Id.* (citation modified). "And because those factors are 'rarely' strong enough to override the parties' preselected forum, 'the practical result is that forum-selection clauses should control except in unusual cases.' " *Id.* (quoting *Atl. Marine Const.*, 571 at 62–64). At bottom, "courts should not unnecessarily disrupt the parties' settled expectations." *Atl. Marine Const. Co.*, 571 U.S. at 66.

This case does not qualify as either unusual or exceptional. The Amended Joint Bid Agreement reached by the parties provides: "Any dispute or legal proceeding arising out of or relating to this Agreement shall be brought exclusively in the [Florida ABC Court] with jurisdiction to enforce the Sale Order." *See* dkt. 15-2. Further, as we have previously noted, the Florida ABC Court reserved jurisdiction in the Sale Order to hear any and all claims arising from the ABC Proceedings. *See* dkt. 15-1. A straightforward reading of these provisions impels the dismissal of this lawsuit on *forum non conveniens* grounds. (Under the Agreements at issue here, proper venue for Alliswell's claims is a state court—that is, a nonfederal forum. Thus, we cannot transfer our litigation, *see* 28 U.S.C. § 1404; rather, it must be dismissed. *See Atl. Marine Const. Co.*, 571 U.S. at 60, 66 n.8 (noting that "the traditional [*forum non conveniens*] remedy [is] outright dismissal" and that "a successful motion under *forum non conveniens* requires dismissal of the case"). *Cf. Mueller*, 880 F.3d at 894 (noting that, "for the subset of cases in which the transferee forum is within the federal court system . . . , Congress has replaced the traditional remedy of outright dismissal with transfer").)

Alliswell's primary argument in support of a denial of Defendants' Motion to Dismiss is that its claims sound in negligence as well as contract and thus fall beyond the scope of the forum-selection clause. That argument pushes against well-established authority to the contrary. "Regardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs the action." *Hugel v. Corp. of Lloyd's*, 999 F.2d

206, 209 (7th Cir. 1993). Thus, "where the relationship between the parties is contractual, the pleading of alternative non-contractual theories of liability should not prevent enforcement of such a bargain as to the appropriate forum for litigation." *Id.* (citation modified).

Because this motion can be ruled upon based on the explicit words of the parties in their Amended Joint Bid Agreement and legal principles of *forum non conveniens*, we do not address the alternative grounds for Defendants' motion to dismiss based on the interests of judicial comity.

For the reasons explicated above, the Order Referring Motion to Magistrate Judge, dkt. 37, is hereby **vacated**, and the Motion to Dismiss Alliswell's Amended Complaint, dkt. 22, is hereby **granted**. The cause shall be dismissed without prejudice to Alliswell's right to litigate such claims in the Florida ABC Court. Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date:        7/9/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Reynold T. Berry
RUBIN & LEVIN, P.C.
rberry@rubin-levin.net

William A. Ramsey
BARRETT & MCNAGNY LLP
war@barrettlaw.com

William J Walker
Rubin Levin, PC
wwalker@rubin-levin.net